**KANE v. UNITED STATES.**

**No. 5344.**

District Court, D. Massachusetts.
Jan. 4, 1939.

Joseph G. Schumb, of Boston, Mass., for plaintiff.

John A. Canavan, U. S. Atty., John J. Cummings, Atty., U. S. Dept. of Justice, and William J. Hession, Atty., Dept. of Justice, all of Boston, Mass., for defendant.

BREWSTER, District Judge.

The plaintiff is the beneficiary named in a contract of War Risk Insurance, issued to James Kane, a veteran of the World War. Upon a stipulation of facts, the parties submit what they term a "jurisdictional question" but which really is a question whether the suit was seasonably brought.

The facts material to the issue may be chronologically stated as follows:

March 3, 1919. The insurance issued to the veteran lapsed for non-payment of premium.

Nov. 21, 1929. The insured made claim for the benefits of the contract, claiming total and permanent disability before the insurance had lapsed.

Dec. 21, 1929. The Veterans' Bureau received on Form 579 a more formal claim made by the insured.

Jan. 16, 1930. The Regional Manager of the Veterans' Bureau at Boston denied the claim, stating that the letter could be used as evidence of a disagreement under section 19 of the World War Veterans' Act, as amended, 38 U.S.C.A. § 445.

March 8, 1931. The insured died.

April 16, 1931. A letter by the Chief of the Awards Division of Washington, written to the plaintiff advised that the office was informed of the death of the insured and requested a death certificate, adding that when the record is received "all phases of the case will be given consideration and you advised."

July 2, 1931. The Director of Insurance at Washington, in response to a request of the Regional Manager at Boston of June 29, 1931, reported on the insurance status of the case. He advised that the insurance had lapsed and not reinstated and that there was no insurance in force when the veteran was rated totally and permanently disabled. He further advised "There is, however, on file a Form 579, a claim for insurance alleging total and permanent disability filed by

the veteran in December 1929. This claim has been brought to the attention of the Insurance Claims Council for their consideration, and you should be further advised within a reasonable length of time regarding the insurance phase of this case."

July 2, 1931. The Director of Insurance at Washington addressed a memorandum to the Chief of the Insurance Claims Council, reading as follows: "Your attention is invited to the Form 579, executed by the above named claimant and filed by him in the Boston Regional Office on December 21, 1929, making claim for insurance on the ground of permanent and total disability. This case is referred to you for your attention and necessary action."

July 3, 1931. Plaintiff appointed Administratrix of James Kane.

Aug. 15, 1931. The Director of Insurance sent plaintiff a form letter acknowledging receipt of her letter of recent date relative to claim for total and permanent disability and stated that the matter was before the Insurance Claims Council and would receive attention at the earliest possible date. Enclosed with this letter was a blank form (Form 579), which the plaintiff was asked to execute and return "for proper consideration of the claim."

Aug. 18, 1931. The plaintiff executed this Form 579, which was received by the Bureau on August 20, 1931.

March 25, 1932. The plaintiff received notice that the Insurance Claims Council decided that the insured was not permanently and totally disabled for insurance purposes at the time when the contract of insurance was in force. In this communication, the plaintiff was advised that the denial could be considered final for the purposes of instituting suit, and that if the denial was accepted the suspension of the statute of limitation would cease from and after the date of this letter plus the number of days usually required for transmission.

April 3, 1932. The plaintiff appealed from the decision of the Insurance Claims Council.

Apr. 29, 1932. The Administrator's Board of Appeal handed down a decision which contained the following paragraph: "All evidence of record has been reviewed and no error is found in the decision of the Insurance Claims Council complained of, which is herewith affirmed by the Administrator, constituting disagreement within the provisions of section 19 of the World War Veterans' Act of 1924, as amended [38 U.S.C.A. § 445]."

May 4, 1932. Copy of this decision was sent to the plaintiff.

Sept. 22, 1932. This suit was instituted.

From the stipulation it appears also that the claim made by the insured in 1929 was denied January 16, 1930, by one duly authorized to issue a letter of disagreement. There was no appeal taken by the insured within one year thereafter, in accordance with the regulation of the Veterans' Bureau. No letter from plaintiff to the Director of Insurance, referred to in the Director's letter of Aug. 15, 1931, has been found.

While the stipulation is silent on this point, it is fair to assume that before the Insurance Claims Council had reached its

decision, the Council had before it the claim of the plaintiff also on Form 579.

The question presented is whether the suit is barred by the limitations imposed by section 19 of the World War Veterans' Act, as amended, 38 U.S.C.A. § 445. The applicable provisions of this statute are: "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date, * * *: Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs."

I am inclined to follow United States v. Tarrer, 5 Cir., 77 F.2d 423, in holding that the beneficiary does not have a separate cause of action accruing to her upon the death of the insured when the "contingency" on which the claim is founded is the total and permanent disability of the insured, which allegedly happened before the insurance lapsed, although there is respectable authority to the contrary. Towery v. United States, 7 Cir., 97 F.2d 906.

We are brought, therefore, to the controlling question, whether the action of the officials in reopening and reconsidering the insurance claim, made by the insured during his lifetime, operated to suspend the limitation for the period elapsing between the filing of the claim and the second or final denial on April 29, 1932. It is, I take it, significant that the claim which was referred to the Insurance Claims Council for consideration was the claim filed in 1929 by the insured, on Form 579. Throughout the entire proceedings, the case was numbered XC 322107, the number originally given to the claim, and it is fair to assume that the decision of the Insurance Claims Council dealt with that claim.

There can be no doubt respecting the authority of the Veterans' Bureau to reopen for further consideration the veteran's claim for the benefits of the contract. United States v. Bollman, 8 Cir., 73 F.2d 133. Nor can there be any doubt that, on July 3, 1931, this claim was pending before the Insurance Claims Council, awaiting decision which did not become final until April 29, 1932. Under these circumstances, it was not necessary that the plaintiff, as administratrix, or as beneficiary, file a new claim. Blanton v. United States, D.C., 17 F.Supp. 327; United States v. Powell, 4 Cir., 93 F.2d 788. The purposes of the statute respecting a disagreement had been served. United States v. Powell, supra; United States v. Townsend, 4 Cir., 81 F.2d 1013; Curtik v. United States, D.C., 19 F.Supp. 447.

The claim denied is the claim sued upon, and the period elapsing between the filing of it and the final denial suspended the limitation until after the suit was brought.

The defendant's answer in abatement and motion to dismiss, therefore, is denied.