## SIMMONS v. UNITED STATES.
### No. 4584.

Circuit Court of Appeals, Fourth Circuit.
April 27, 1940.

For former opinion, see 110 F.2d 296.

Robert Lee Smith, of Asheville, N. C. (Walter L. Pfaff, of Asheville, N. C., on the brief), for appellant.

Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C. (W. R. Francis, Asst. U. S. Atty., of Waynesville, N. C., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Fendall Marbury, Sp. Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

By a decision filed March 11, 1940, this Court affirmed the judgment of the District Court of the Western District of North Carolina, dismissing this action on the ground that it was barred by the limitation provisions of Section 19, World War Veterans' Act 1924, 38 U.S.C.A. § 445. 4 Cir., 110 F.2d 296. On April 2, 1940, the appellant filed a petition for a rehearing, bringing to the attention of the Court for the first time the case of Rosario v. United States, 70 App.D.C. 323, 106 F.2d 844, decided by the United States Court of Appeals for the District of Columbia June 30, 1939. The Court has carefully reconsidered its decision in the light of this case and feels that it must deny the petition for a rehearing.

In the Rosario case, the plaintiff's assured was discharged from the army on January 4, 1919, and died on December 28, 1919. Thereafter, on February 1, 1927, the plaintiff, his wife and beneficiary, wrote a letter to the Veterans' Administration, setting forth a claim to benefits under the War Risk Policy which her husband had taken out during the war. Evidently, she got no reply to this letter and wrote again on May 2, 1929, asking that the Director review the claim and positively state whether or not it would be allowed. She also wrote another letter to the same effect on November 12, 1929. On November 26, 1929, she received a letter from the Director which stated that the claim was denied. Thereafter, on June 29, 1931, an attorney, who had been employed by the plaintiff in the meantime, wrote another letter to the Veterans' Administration, asking it to write a letter which would unequivocally create a "disagreement" within the meaning of the statute. On July 16, 1931, a non-committal reply to this letter was received. On August 17, 1931, plaintiff filed a suit and the government expressly pleaded that there had been no "disagreement" and hence that the suit was premature. The District Court sustained the position of the government in this respect and, on July 13, 1934, dismissed the action without prejudice, evidently on the ground that the letter of November 26, 1929, had been written by a subordinate official of the Veterans' Administration, though this does not clearly appear in the opinion. After this dismissal, the plaintiff, through her attorney, on November 22, 1934, filed a new claim with the Veterans' Administration and, on March 6, 1935, received a denial of the claim from the Division of Insurance. On September 5, 1935, the plaintiff filed the action involved in the case and the government pleaded the bar of the statute of limitations. The District Court sustained the government's view and the plaintiff appealed from the judgment of dismissal. The United States Court of Appeals for the District of Columbia reversed this judgment and held that, under the particular facts of the case, the action was not barred.

It is believed that, on its facts, the Rosario case is clearly distinguishable from the case at bar. It should be noted in the Rosario case that the negotiations were really not interrupted in any real sense, except for a lapse of about a year and a half, between the government's letter of November 26, 1929, and the plaintiff's letter of July 16, 1931. After this interruption, the government positively pleaded in August, 1931, that its letter of November, 1929, did not create a disagreement under the statute. This seems tantamount to the government's taking the position that at this date it had not denied the plaintiff's claim in the earlier negotiations. It seems that the government's position at the time it filed its plea had merit to it, because its earlier letter, though more or less unequivocal in its terms, was written by a subordinate official of the administration. Of course this point was cleared up by the resolution of Congress passed in 1935, made retroactive to 1930, 38 U.S.C.A. § 455c, which provided that denials by subordinates would constitute a disagreement.

In any event, the District Court, in the Rosario case, sustained the government's position as to a lack of disagreement on July 13, 1934, and, after this decision, the plaintiff did everything that she could to prosecute her claim as quickly as possible. When the government pleaded the statute of limitations, in her subsequent suit, it was blowing both hot and cold, at the expense of the merits of the plaintiff's claim. Undoubtedly the strong elements of equitable estoppel inherent in such a set of facts strongly tincture the holding in the case.

In the case at bar, the Simmons case, the government sent a letter to the plaintiff in 1931, which considered in the light of the amendment by Congress in 1935, seems to us clearly to have constituted a denial. Thereafter, the plaintiff, Simmons, did absolutely nothing for a period of five or six years and the government did nothing to indicate that it did not consider the matter closed during this period. It, therefore, seems to us clear that the Simmons case is not similar on its facts to, and thus is not to be controlled by, the Rosario case.

It is suggested that there is language in the opinion in the Rosario case from which it might be implied that any reconsideration of a claim would retroactively revive the tolling effect of departmental negotiations on the statute of limitations. This Court has considered this possibility care-

fully and is not prepared to accept such a view. If any reconsideration by the administrative body would have such an effect, it would seem that the statute of limitations applicable to an action brought in the District Court would be vitiated. This statute of limitations was obviously designed for repose, and, if the administrative body could continually open up stale cases, and revive these cases even after the statute of limitations had completely run, there would then seem never, in the real sense, to be any repose.

The petition for rehearing is, therefore denied.

Denied.