### ALBEK v. UNITED STATES.
### No. 886.

District Court, D. Massachusetts.

May 23, 1941.

Herman C. Albek, pro se.

Edmund J. Brandon, U. S. Atty., and William J. Hession, Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge.

This action is brought to recover the benefits of a policy of war risk insurance which expired in July, 1926. Claim was made January 28, 1930, and on appeal to the Administrator's Board of Appeals was denied October 11, 1932. A suit brought in the District Court for the Eastern District of New York prior to October 11, 1932, was, on November 10, 1933, dismissed because no disagreement was shown. Albek v. United States, 4 F.Supp. 1020. On April 4, 1940, a second claim was submitted to the Veterans' Administration which was denied May 31, 1940. This action was brought August 30, 1940.

Defendant moves to dismiss on the ground that the action is barred by the statute limiting action on war risk insurance. 38 U:S.C.A. § 445.

The only question presented is whether this second claim operated to restore a right to sue the government lost by inaction for over seven years after the claim had been first rejected. The authorities are clear that the renewed claim can have no such effect. Ball v. United States, 6 Cir., 101 F.2d 272; Simmons v. United States, 4 Cir., 111 F.2d 618; United States v. Kelley, 8 Cir., 110 F.2d 922.

In Simmons v. United States, supra, the court observed (111 F.2d page 619): "If any reconsideration by the administrative body would have such an effect, it would seem that the statute of limitations applicable to an action brought in the District Court would be vitiated. This statute of limitations was obviously designed for repose, and, if the administrative body could continually open up stale cases, and revive these cases even after the statute of limitations had completely run, there would then seem never, in the real sense, to be any repose."

I am in accord with these views and therefore must conclude that the defendant should prevail in its motion to dismiss.

Motion allowed.