## MAXWELL v. UNITED STATES.

### No. 8292.

Circuit Court of Appeals, Seventh Circuit.

March 7, 1944.

Rehearing Denied April 5, 1944.

Albert E. Grammer, of Chicago, Ill., for appellant.

J. Albert Woll and Wm. M. Lytle, both of Chicago, Ill., Francis M. Shea, Lester P. Schoene, Keith L. Seegmiller, and W. C. Pickett, all of Washington, D. C., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This action was instituted by appellant as administrator of his mother Emma Catherine Maxwell, on July 20, 1942. She was also the mother of Ray J. Maxwell, a United States veteran of the First World War. The veteran enlisted on April 17, 1917, and served continuously until November 4, 1919, when he was honorably discharged. During that period appellee issued two certificates of yearly renewable term insurance to him, in which his mother was named as beneficiary. He paid no premiums after his discharge; his policies lapsed on December 1, 1919, and ceased to be in force after December 31, 1919, unless unpaid compensation was due him. He died July 2, 1920, without applying for reinstatement or claiming uncollected compensation. His mother died August 11, 1933. Her administrator here seeks to recover upon those policies.

The first count alleged the veteran's permanent and total disability from the date of his discharge. The second count alleged uncollected compensation due and owing to the veteran from appellee sufficient to keep the insurance in force to the time of his death. Appellee pleaded the statute of limitations. The court found the facts specially, as stipulated, rendered its conclusions of law thereon favorable to appellee, and entered judgment dismissing both counts for want of jurisdiction. From that judgment this appeal is prosecuted.

Appellant here raises no issue as to the judgment on the first count, and he bases his claim under the second count upon the alleged revival of the insurance, as of the date of the veteran's death, under the provisions of section 305 of the World War Veterans' Act, 38 U.S.C.A. § 516. The ruling complained of was based on the ground that the suit was not begun within the time allowed by the applicable statute, section 19 of the World War Veterans' Act, 38 U.S.C.A. § 445, as clarified and extended by sections 445c and 445d. That statute provides that no suit on yearly renewable term insurance is allowed unless

brought within six years from the happening of the contingency upon which the claim is founded (which in this case was the veteran's death on July 2, 1920), or within one year from July 3, 1930 (the date of the enactment), except that the running of the time is suspended from the filing of the claim in the Veterans' Administration to the denial of it by that body.

The record discloses that this suit was filed in the District Court more than 12 years after July 3, 1930, and more than 22 years after the veteran's death, and it is conceded that it is barred unless it is saved by the suspension clause of the statute last mentioned. To avoid the effect of this concession appellant contends that this claim was asserted in the Veterans' Administration on December 7, 1920, and was not denied until December 7, 1941, hence he argues that the running of the statute was suspended between those dates, and the filing of his suit in the District Court was timely.

In October 1920, the mother filed claims for death compensation under the policies, and on December 7, 1920, made claims through a Red Cross representative to the Bureau for yearly renewable term insurance benefits. On December 16, 1920, the Bureau advised the mother and her representative that no insurance benefits were payable.[1]

Nothing further relating to this insurance was done either by the Bureau or by any claimant until after July 3, 1931, which was the date upon which the right to sue was barred. However, on August 24, 1932, the Bureau received a letter from the mother asserting a claim for insurance benefits, and in December of that year she filed her formal claim to that effect. By reason of the Economy Act of March 20, 1933, 38 U.S.C.A. § 701 et seq., further administrative consideration of the claim was refused in April of that year. That Act was declared unconstitutional on June 4, 1934. Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434.

The mother having died, the appellant by letter on August 2, 1934, requested further consideration of the insurance claims in view of the decision of the Supreme Court above referred to. On August 16, 1934, he was notified by the Director of Insurance that insurance benefits were not payable under the policies. On October 1, 1934, the Insurance Claims Council rendered a decision denying appellant's insurance claim, and notice of that fact was sent to appellant on October 4, 1934.

On January 2, 1936, the Board of Veterans' Appeals of the Veterans' Administration affirmed the decision of the Insurance Claims Council, a notice of which was sent to appellant by registered letter.

The Dependents Pension Board which, in 1940, had affirmed compensation ratings made in 1922, that the insured's disability was not service-connected, again reviewed the compensation ratings with particular reference to revival of insurance and, on December 4, 1941, held that the insured's disability was not service-connected.

Under these facts appellant contends that his mother's claim of December 7, 1920, for war risk insurance, was not finally denied until December 4, 1941, and that fact, plus the above enumerated facts since December 7, 1920, was sufficient to keep alive his alleged cause of action in the second count of the complaint. We think there is no merit in this contention.

The right to sue our Government is only by permission of Congress. In cases of this kind that body gave such permission up to and including July 3, 1931.

1 "Dear Madam: Your letter of December 7, 1920, making application for War Risk Insurance on account of your deceased son, Ray J. Maxwell, has been received at the Bureau.

"We * * * advise you that * * * the Insurance applied for by your son lapsed on December 2, 1919, for the reason that he was discharged from the service November 4, 1919, and paid no premiums on his insurance after discharge. In view of the fact that your son did apply for War Risk Insurance, automatic insurance is not payable, and as above stated, the contract insurance applied for by your son is also not payable on account of nonpayment of premiums after discharge.

"In order to determine whether or not death compensation is payable on account of any disabilities sustained by your son from the date he was discharged from the service to the date of his death, you are requested to forward the Bureau of War Risk Insurance a certified copy of the death of your son. You should also secure sworn statement from any physician who may have attended your son early after his discharge, setting forth the nature and extent of any diseases or injury from which he may have been suffering at that time. * * *"

There is no limitation upon the right of a veteran to file a claim for yearly renewable term insurance. Such claims are considered by the Veterans' Administration, regardless of whether the right to sue upon them in the federal courts is barred. However, administrative consideration of a veteran's claim does not restore his right to sue upon it in the federal courts after it is barred by the statute of limitations. Burns v. United States, 2 Cir., 101 F.2d 83; Simmons v. United States, 4 Cir., 110 F.2d 296; Neely v. United States, 4 Cir., 115 F.2d 448.

The claim here sued upon is not the claim that was presented by the mother on December 7, 1920. That claim was unequivocally denied by the Bureau on December 16 of the same year, and we think the mother so understood it, for she filed new claims on August 24, 1932, and in December, 1932. It is true that the December letter of denial suggested to the claimant that compensation might be payable on account of disabilities, if any, from the date he was discharged to the date of his death, and it also gratuitously suggested to her what she should do in case she desired to pursue that course.

The claim of December 7, 1920, cannot be regarded as containing a claim for the benefits sued on in this complaint, because revived insurance of the character here in issue was non-existent until it was provided by legislative enactment August 9, 1921. For almost 12 years after 1920 no insurance claim in this case was under consideration in the Bureau.

True, compensation claims were under consideration by the Bureau prior to December, 1920, upon applications filed by the veteran's widow and mother, on the ground of their dependency, and the Bureau on November 24, 1920, rated the veteran as temporarily and partially (15%) disabled from the date of his discharge to his death. It found that the disability was contracted in service but that it was neither permanent nor total. On December 30, 1920, the Bureau advised the widow that an accrued compensation was payable to the veteran's estate on account of those disabilities. However, on October 25, 1921, the Bureau re-rated the veteran for compensation purposes, and, among other things not material here, found that the disability causing the veteran's death was not due to service in the Army, and on April 3, 1922, that find-

ing was concurred in by an opinion of the Bureau. After that date, nothing was considered by the Bureau with respect to this claim until after August, 1932, and that delay is unexplained. We are convinced that both parties regarded the correspondence of 1920 as constituting a complete disposition of the insurance claim. See Burns v. United States, supra.

Judgment affirmed.