## BIVEN v. UNITED STATES.
### No. 8430.

United States Court of Appeals
District of Columbia.

Argued March 13, 1944.

Decided May 8, 1944.

Mr. Warren E. Miller, of Washington, D. C., for appellant.

Mr. Wilbur C. Pickett, Special Assistant to the Attorney General, with whom Messrs. Francis M. Shea, Assistant Attorney General, and Lester P. Schoene, Director, Bureau of War Risk Litigation, Keith L. Seegmiller, Attorney, Department of Justice, and Edward M. Curran, United States Attorney, all of Washington, D. C., were on the brief, for appellee. Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

This is a suit on a policy of yearly renewable war risk term insurance. The District Court dismissed appellant's complaint on the ground that it was barred by limitations. We think this was correct.

Section 19 of the World War Veterans' Act, as amended, 38 U.S.C.A. § 445, which authorizes suit "in the event of disagreement as to claim * * * under a contract of insurance," provides that " 'disagreement' means a denial of the claim by the Administrator of Veterans' Affairs or someone acting in his name * * *"[1] It also provides: "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date, * * * *Provided,* That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: *Provided further,* That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. * * *"[2] The Veterans' Administration was created, in succession to the Veterans' Bureau, in 1930.[3] As originally enacted, the quoted statute read "bureau" instead of "Veterans' Administration" and "director" instead of "Administrator of Veterans' Affairs."[4]

---

[1] An amendment now in effect provides that "denial of a claim for insurance by the Administrator of Veterans' Affairs or any employee or agency of the Veterans' Administration heretofore or hereafter designated therefor by the Administrator shall constitute a disagreement * * *." But this amendment was not adopted until January 28, 1935. It was to take effect retroactively, but only as of July 3, 1930. 38 U.S.C.A. § 445c, 49 Stat. 1.

[2] 38 U.S.C.A. § 445.

[3] 46 Stat. 1016.

[4] 46 Stat. 992, 993, 38 U.S.C.A. § 445.

Appellant's alleged right accrued July 1, 1923. He filed a claim, on the Bureau's form 579, on June 6, 1925. On May 9, 1927, the Assistant Director, acting expressly "For the director,"[5] informed appellant that he was entitled to insurance benefits of only $1.91 per month. This amounted to a denial of the larger claim which is now in suit, and created a "disagreement" on which appellant might have sued. Accordingly it ended the suspension of the six-year limitation. That limitation was running against appellant (1) from July 1, 1923, when the alleged right accrued, to June 6, 1925, when the claim was filed; (2) from May 9, 1927, when the claim was denied, to February 27, 1931, when it was again filed; and (3) from August 14, 1936, when it was again denied, to March 22, 1937, when suit was filed; in all, more than six years. The one-year limitation was running against appellant (1) from July 3, 1930, the statutory date, to February 27, 1931, when the claim was renewed, and (2) from August 14, 1936, when it was again denied, to March 22, 1937, when suit was filed; in all, more than one year. Accordingly the suit was not timely.

Affirmed.

---

[5] In Rosario v. United States, 70 App. D.C. 323, 106 F.2d 844, the original denial was not, as this denial was, by the director or someone acting in his name.