**UNITED STATES of America,**
**Appellant,**

v.

**Epifania P. Vda DE SUAREZ, Appellee.**

**No. 15058.**

United States Court of Appeals District of Columbia Circuit.

Argued July 7, 1959.

Decided July 23, 1959.

---

Bazelon, Circuit Judge, dissented.

Mr. Seymour Farber, Attorney, Department of Justice, with whom Asst. Atty. Gen., George C. Doub, Messrs. Oliver Gasch, U. S. Atty., and Samuel D. Slade, Attorney, Department of Justice, were on the brief, for appellant.

Mr. Claude L. Dawson, Washington, D. C., for appellee.

Before WILBUR K. MILLER, BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court holding appellee entitled to the benefits of the $5,000 gratuitous National Service Life Insurance provided by the Act of July 11, 1942, 52 Stat. 657, 38 U.S.C. § 802(d) (3) (B) (1952).

Appellee's son entered duty in the Armed Forces of the United States in the Phillippines on December 8, 1941, was captured by the Japanese on April 10, 1942, and remained a prisoner of war until his death on June 17, 1942.

At the trial in the District Court, appellant raised two points: (1) that appellee could not qualify as a dependent parent within the meaning of the statute; and (2) that appellee's suit should be dismissed as time-barred by the period of limitations set forth in the Act.

The District Court decided both issues against appellant.

On this appeal, appellant does not challenge the District Court's holding that appellee qualifies as a dependent parent but pitches its right to reversal on the statute of limitations. We find no error in the ruling of the trial court that, under the facts and circumstances of this case, appellee's action is not barred by the statute of limitations. Cf. Rosario v. United States, 1939, 70 App.D.C. 323, 106 F.2d 844, certiorari denied 1940, 308 U.S. 606, 60 S.Ct. 143, 84 L.Ed. 507.

Affirmed.

BAZELON, Circuit Judge (dissenting).

I think appellee's suit on her meritorious claim is barred by the statute of limitations.