**Georgina Harris TAYLOR**

v.

**UNITED STATES of America.**

**Civ. A. No. 68–1959.**

United States District Court
E. D. Louisiana.

June 12, 1969.

John J. Cosner, Jr., Hammond, La., for plaintiff.

Charles H. White, Asst. U. S. Atty., New Orleans, La., for United States.

MITCHELL, District Judge.

This matter came before the court on a former day on defendant's motion to dismiss and, having considered the arguments and briefs, the court finds and concludes as follows:

The subject matter of this action, a claim for proceeds of war risk insurance, had its origin over half a century ago.

While a soldier in the military service of the United States, Frank Rodgers

died intestate on May 5, 1918; at that time a $10,000 War Risk Insurance Policy was in full force and effect and plaintiff, Mrs. Georgina Harris Taylor, the designated beneficiary, was described as the "sister" of the insured.

Mrs. Taylor received monthly payments of $57.50 from May 6, 1918 until March 31, 1919 when payments were suspended on the ground that she was neither the sister nor half sister of the insured.

This action was commenced on October 24, 1968, pursuant to 38 U.S.C. § 784.

Mover contends that this action is barred by the statute of limitations. On the other hand, plaintiff contends that the six year limitation period has been suspended due to the defendant's failure to make a final denial of Mrs. Taylor's claim.

Under the provisions of 38 U.S.C. § 784, in the event a disagreement is had over a claim for insurance proceeds, an action for the payment thereof must be brought within six years from the date of the insured's death. However, the limitation period was suspended for that period elapsing between the filing of the claim with the Veterans' Administration and the denial of the claim.[1]

The term "disagreement" means a denial of the claim, after consideration on its merits.[2]

It was the policy of the act to afford enlisted men "protection for themselves and their dependents" and it provided that the "insurance shall be payable only to a spouse, child, grandchild, parent, brother [or] sister".[3]

Section 303 of the World War Veteran's Act of June 7, 1924, as amended 1925, 38 U.S.C. § 514 provided that:

"If no person within the permitted class be designated as beneficiary * * * by the insured either in his lifetime or by his last will and testament * * * there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable."

After an investigation, on August 2, 1923, the Veterans' Administration wrote Mrs. Taylor that in its opinion it had not been fully established that she was within the permitted class of insurance beneficiaries and therefore no further insurance payments would be made.

The government contends this letter was a final denial of Mrs. Taylor's claim.

On January 4, 1933, the administrator of Frank Rodgers' estate brought an action on behalf of the deceased's heirs-at-law in the State of Mississippi claiming the proceeds of this insurance. Mrs. Taylor was made a party defendant.[4]

On November 3, 1942, the trial court dismissed this action on the ground that the claims were barred by the statute of limitations. The court found that the claims were finally denied by the Veteran's Bureau not later than August 2, 1923, the date of the letter addressed to Georgina Taylor and that since no suit was commenced within six years therefrom or within one year from July 3, 1930, the period of time allowed for the filing of suit expired not later than July 3, 1931.

---

1. Prior to 1928 no limitation on suits was prescribed by federal statute. Those claims which had been denied prior to that time had six years after the accrual of the right under the policy to commence an action or until July 3, 1931, whichever is the later date. See Act of May 29, 1928, 45 Stat. 964; Act of July 3, 1930, 46 Stat. 992. These statutes extended the period for suit on war risk insurance claims whether they were pre-

viously barred or not. Marsh v. United States, 97 F.2d 327 (CA 4–1938).

2. Johnson v. United States, 102 F.2d 729 (CA 10–1938).

3. 38 U.S.C. § 511 (1924).

4. J. Oscar Boone, Administrator v. The United States of America, Dkt. No. 7641, U. S. District Court, Jackson Division, Southern District of Mississippi.

Plaintiff contends that this decision is not binding on Mrs. Taylor.[5]

██ If we concede for purposes of this motion only that the letter of August 23, 1923 was not a final denial and further that the decision in the *Boone* case was not res adjudicata as to plaintiff, we must hold that plaintiff's claim was finally denied by the Veterans' Administration by letter dated October 24, 1933.

Plaintiff, relying on Rosario v. United States, 70 App.D.C. 323, 106 F.2d 844 (1939) and United States v. Bollman, 73 F.2d 133 (CA 8–1934), contends that subsequent to this date, by virtue of correspondence between Mrs. Taylor and the Administration, there were continuing negotiations and the Bureau has led claimant reasonably to believe that it is holding the matter open.

From June 16, 1934 through October 25, 1934, all of plaintiff's letters to the Veterans' Administration were answered and were referred to the Justice Department, since the *Boone* case was still pending. There is no indication whatsoever from these letters that the Bureau had reopened or was seriously reconsidering the claim, thus the doctrine of continuing negotiations was not applicable to prevent running of the statute of limitations.[6]

██ Where a claim on a war risk policy had once been barred by running of statutory period, a reconsideration of the claim by the Veterans' Administration does not operate to raise the fallen bar.[7]

Therefore, we hold that this suit was not filed within the statutory period prescribed in the consent-to-suit statute (38 U.S.C. § 784); that this court is without jurisdiction; and, accordingly, the motion to dismiss is granted.

5. Under Section 19 of the World War Veterans Act all persons having or claiming to have an interest in the insurance in question may be made parties to the suit and the interests of all should be determined. The plaintiff herein was made a party defendant and the court's findings were directed to, and were adverse to, her interests. See Live Stock National Bank of Chicago v. United States, 106 F.2d 240 (CA 7–1939); Parker v. United States, 114 F.2d 330 (CA 4–1940).

6. Samala v. United States, 183 F.Supp. 601 (DC Rep.–1960); Dyer v. United States, 81 U.S.App.D.C. 4, 154 F.2d 14 (1946).

7. Dyer v. United States, supra; Maxwell v. United States, 141 F.2d 139 (CA 7–1944); Roskos v. United States, 130 F.2d 751 (CA 3–1942).