**644**

Teodora Lacuata Vda. DE YARANON,
Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 1272-55.

United States District Court
District of Columbia.

May 22, 1957.

Victor A. DeLeon, Washington, D. C. (appointed counsel), for plaintiff.

Oliver Gasch, U. S. Atty., Harold H. Fischer, Washington, D. C., Department of Justice, for defendant.

KEECH, District Judge.

This is an action by the mother of Mariano L. Yaranon, who died while in the service of the United States Army during World War II, to recover gratuitous National Service Life Insurance benefits. The complaint herein was filed on March 23, 1955.

When the case came on for trial, it was stipulated that the serviceman entered upon active duty in the military service of the United States on November 26, 1941; that he never applied for Na-

tional Service Life Insurance but, under the provisions of 38 U.S.C.A. § 802(d) (3) (B), was deemed to have applied for and to have been granted $5,000 National Service Life Insurance; that the serviceman died on May 15, 1942; that the plaintiff filed a claim for benefits with the Veterans' Administration on February 9, 1950, which was finally denied by the Board of Veterans' Appeals on December 23, 1952. By stipulation the court received the depositions of plaintiff, two witnesses for plaintiff, and a witness for the defendant. Plaintiff's Exhibits A through L were also received in evidence.

At this juncture, upon the stipulated facts and on the strength of cases decided after denial of a pre-trial motion to dismiss, the defendant renewed its motion to dismiss for lack of jurisdiction.

Section 802(d) (5) of Title 38 U.S.C.A. provides that:

" * * * no application for insurance payments under subsection (d) (2) or (3) of this section, shall be valid unless filed in the Veterans' Administration within seven years after the date of death of the insured * * *."

In the event of any disagreement as to any claim arising under § 802(d) (3) (B)

" * * * no suit * * * shall be allowed * * * unless the same shall have been brought within six years after the right accrued for which the claim is made: *Provided,* That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: *Provided further,* That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. Infants, insane persons, or persons under other legal disability, or persons rated as incompetent or insane by the Veterans' Administration shall have three years in which to bring suit after the removal of their disabilities * * *." 38 U.S.C.A. §§ 445, 817.

Under the stipulated facts, plaintiff's claim was not filed with the Veterans' Administration within seven years after the death of the insured; and her suit was not filed within six years after her right of action accrued, giving effect to suspension of the running of the statute for the period elapsed between the filing of plaintiff's claim with the Veterans Administration and the final administrative denial of the claim.

■ The Supreme Court has long held that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied. Soriano v. United States, 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306, citing United States v. Sherwood, 312 U.S. 584, 590–591, 61 S.Ct. 767, 85 L.Ed. 1058, and cases there cited.

■ Even if hostilities prevented plaintiff from filing her claim promptly after the death of the insured and this could be regarded as creating a "disability", the disability exception of the statute would not have extended the time for filing the action beyond September 2, 1948, three years after the termination of hostilities. Soriano v. United States, supra, 352 U.S. at page 276, 77 S.Ct. at page 273.

For the foregoing reasons the court is without jurisdiction to entertain plaintiff's suit, and the action must be dismissed. We therefore do not reach the merits of plaintiff's case.