Germana E. PRADO DEL CASTILLO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16345.

United States Court of Appeals Ninth Circuit.

Nov. 19, 1959.

Jose Del Castillo, Tucson, Ariz., for appellant.

Jack D. H. Hays, U. S. Atty., Mary Anne Reimann, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before ORR, POPE and JERTBERG, Circuit Judges.

ORR, Circuit Judge.

Appellant filed a claim with the Veterans' Administration on June 11, 1948 claiming to be the beneficiary of gratuitous life insurance deemed to have

been issued pursuant to the National Service Life Insurance Act of 1940 [1] to a serviceman killed in action in the Philippines on April 3, 1942. Appellant's claim is based upon her contention that she was the last person to stand in loco parentis to the deceased serviceman. She was first notified that her claim had been denied on July 31, 1956. The reason given was that she did not fall within the restricted class of beneficiaries of National Service Life Insurance. Appellant appealed to the Administrator of Veterans' Affairs on June 18, 1957, which appeal was dismissed without consideration on January 8, 1958. On February 24, 1958 appellant filed suit in the district court. That court dismissed the action on the grounds that it was without jurisdiction because the six year period of limitations on actions on National Service Life Insurance claims had expired before the commencement of the action, the time having expired before the claim was filed with the Veterans' Administration.[2]

■ The provision of the National Service Life Insurance Act under which appellant made her claim limits the time within which such claims may be made before the Veterans' Administration to seven years from the date the insured serviceman dies.[3] Appellant argues that when Congress in 1948 extended the time in which claims could be made before the Veterans' Administration from five to

1. C. 757, § 602(d) (3) (B), 54 Stat. 1009, as amended by Act July 11, 1942, c. 504, § 1, 56 Stat. 657 [formerly 38 U.S.C. § 802(d) (3) (B)], which states as follows: "Any person in the active service who on or after December 7, 1941, and prior to April 20, 1942, has been * * * besieged * * * by the forces of an enemy of the United States * * and at the time of such * * * siege * * * did not have in force insurance in the aggregate amount of at least $5,000 * * * shall be deemed to have applied for and been granted * * * National Service Life Insurance * *"
   In Act September 2, 1958, 72 Stat. 1105, enacted as 38 U.S.C., "Veterans' Benefits", Congress consolidated and revised all existing laws administered by the Veterans' Administration and omitted § 602(d) [formerly 38 U.S.C. § 802(d)] from the National Service Life Insurance Act. This does not, of course, deprive appellant of any rights she may had under the Act before the omission.

2. "(a) In the event of disagreement as to a claim * * * under contract of National Service Life Insurance * * * between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the United States District Court for the District of Columbia or in the district court of the United States in and for the district in which such person or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies. * * *
   (b) No suit on * * * National Service Life Insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made. For the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded. The limitation of six years is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim: provided, That in any case in which a claim is timely filed the claimant shall have not less than ninety days from the date of mailing notice of denial within which to file suit * * * Infants, insane persons, or persons under other legal disabilities * * * shall have three years in which to bring suit after removal of their disabilities." 38 U.S.C. § 784 (formerly 38 U.S.C. § 445, § 817).

3. "* * * No application for insurance payments under subsections (2) or (3) as hereby amended, shall be valid unless filed in the Veterans' Administration within seven years after the date of death of the insured * * *" National Service Life Insurance Act of 1940, c. 757, § 602(d) (5), 54 Stat. 1009 as amended [formerly 38 U.S.C. § 802(d) (5)].
   § 602(d) (5) was added to the Act in 1942 and then provided for a one year period of limitations. Act July 11, 1942, c. 504, § 2, 56 Stat. 657. The period was then extended to five years in 1944 (Act September 30, 1944, c. 454, § 4, 58 Stat. 762) and finally to seven years in 1948 (Act March 3, 1948, c. 90, 62 Stat. 59). The limitation was omitted with the rest of § 602(d) in the Act September 2, 1958 (see footnote 1 supra).

seven years, by implication it also extended the statute of limitations on suits in the district courts contesting the denial of such a claim from six to seven years since Congress must have intended the two to be coextensive. Otherwise, appellant asserts, the extension of time to file claims granted by Congress would amount to " * * * giving a loaf of gratuitous bread with one hand and taking it away from the mouth with the other." This is not correct. Congress continues to offer the "loaf" but did not see fit to extend the time for court action in the event the administrative body did not think the claimant entitled to it.

■ The six year statute of limitations on actions in the district courts on insurance claims applies generally to all government insurance. When National Service Life Insurance was created by the Act of 1940, this six year statute of limitations was adopted by reference to govern actions on insurance policies under the Act. Act of 1940, c. 757, § 617, 54 Stat. 1014 (formerly 38 U.S.C. § 817). When the gratuitous life insurance provision under which appellant made her claim was added to the Act in 1942, the time for making claims with the Veterans' Administration on such insurance was limited to one year after the death of the insured. Although this was later extended from one to five years in 1944 and then from five to seven years in 1948 (see footnote 3 supra), the time limitation on suits in the district courts on such claims remained at six years and at no time has it been coextensive with the period of time in which claims could be filed with the Veterans' Administration. The purpose of Congress in extending the time for filing claims was to assist persons in the position of appellant who had been residents of the Philippines during World War II and thus prevented from filing claims for National Service Life Insurance payments because of the Japanese occupation of the islands. See Senate Report No. 902, 1948 U.S.Code Cong.Serv. p. 1121. Their situation was considered by committees of both houses of Congress and the Veterans' Adminis-

tration and their reports disclose a sympathetic consideration of the plight of such persons. The sole relief recommended, however, was an extension of the time to file claims with the Administration. The time limitation in which to invoke the jurisdiction of the district courts to review denial of claims by the administrative body was not extended.

■ There is no invalidity in the Act extending the administrative remedy under the National Service Life Insurance Act to seven years due to its failure to also extend the jurisdiction of the district courts so as to provide judicial review of administrative decisions during the full seven years. "When the United States creates rights in individuals against itself, it is under no obligation to provide a remedy through the courts. * * * It may limit the individual to administrative remedies." Lynch v. U. S., 1934, 292 U.S. 571, 582, 54 S.Ct. 840, 845, 78 L.Ed. 1434. Congress has often passed legislation creating gratuitous benefits for a limited class of persons whose remedy on denial of benefits was exclusively an administrative one. See, for instance, The Federal Compensation Act, 5 U.S.C.A. § 793. "The federal employees' * * * allowances are grants by the Congress, and the agents of the Congress have power to determine the recipients of such grants. If Congress chose to preclude judicial review of the selection of the objects of its bounty, it could do so." Calderon v. Tobin, 1951, 88 U.S.App.D.C. 134, 187 F.2d 514, 516, certiorari denied 341 U.S. 935, 71 S.Ct. 854, 95 L.Ed. 1363, rehearing denied 342 U.S. 843, 72 S.Ct. 22, 96 L.Ed. 637. See also Van Horne v. Hines, 1941, 74 App. D.C. 214, 122 F.2d 207. Congress has provided claimants under government insurance contracts with redress to the courts upon administrative denial of their claims. However, waivers of sovereign immunity from suit are to be strictly construed. United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058. This we must do in the instant case. The privilege to sue the United States on insurance claims is limited to

six years from the date of the death of the insured by the express language of the act. The decision of the Administrator is declared to be final in all other cases. 38 U.S.C. § 211, § 785. We cannot in the face of this express language hold that Congress, in extending the administrative remedy to seven years, by implication extended the jurisdiction of the courts over actions on such insurance claims to seven years. We note that at the present time no limitation on filing claims with the Veterans' Administration under National Service Life Insurance exists. Yet judicial review remains limited to six years after the death of the insured.

Appellant also contends that her residence in the Philippines during the hostilities and Japanese occupation of the islands in World War II was a legal disability which tolled the running of the statute. The Supreme Court of the United States in the case of Soriano v. U. S., 1957, 352 U.S. 270, at page 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 in dealing with this question said:

> " * * * Congress was entitled to assume that the limitation period it prescribed meant just that period and no more. With this intent in mind, Congress has passed specific legislation each time it has seen fit to toll such statute of limitations because of war. And this Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."

Congress, as heretofore pointed out, specifically considered the plight of persons in appellant's position and yet only extended the administrative remedy without tolling the period of limitations on judicial review.

Another contention made here is that under the decision of the Supreme Court of the United States in Peak v. United States, 1957, 353 U.S. 43, 77 S.Ct. 613, 1 L.Ed.2d 631, appellant's cause of action accrued for purposes of the statute of limitations when appellant learned of the death of the insured and not at the date of his death. The decision in that case is expressly limited, however, to a situation where the statutory presumption of death after seven years of unexplained absence (38 U.S.C. § 108) is relied upon and has no application where, as here, the date of death is established without reliance upon the presumption.

The trial court having correctly determined that it had no jurisdiction to hear and determine the action, its denial of appellant's motion for summary judgment was proper.

Judgment affirmed.