598

**Felisa AGUILAR, Plaintiff**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1955–59.**

United States District Court
District of Columbia.

April 8, 1960.

Kenneth W. Parkinson, Washington, D. C., for plaintiff.

David V. Seaman, Department of Justice, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This case is before the Court on defendant's motion to dismiss or in the alternative for summary judgment on the ground that the suit is barred by the statute of limitations.

The material facts are not in dispute. On April 16, 1942, Eusebio K. Senope, a serviceman, was killed in action in the Philippines. His foster mother, the plaintiff here, filed a claim with the Veterans Administration on August 4, 1945. for $5,000 gratuitous life insurance deemed to have been issued to Senope by the National Service Life Insurance Act of 1940.[1]  The claim was disallowed

---

1. c. 757, § 602(d) (3) (B), 54 Stat. 1009, as amended by the Act of July 11, 1942, c. 504, § 1, 56 Stat. 657:

"Any person in the active service who on or after December 7, 1941, and prior to April 20, 1942, has been  *  *  * besieged  *  *  * by the forces of an enemy of the United States  *  *  * and at the time of such  *  *  * siege  *  *  * did not have in force insurance in the aggregate amount of at least $5,000  *  *  * shall be deemed to have applied for and been granted  *  *  * National Service Life Insurance  *  *  * "

By the Act of September 2, 1958, 72 Stat. 1105, Congress brought together and revised all existing laws pertaining to Veterans' Benefits, see Title 38 U.S.C., and in so doing, omitted the above provision, but did not affect pre-existing rights. 38 U.S.C. § 788 (1958 ed.).

by the Veterans Administration on September 24, 1952. An appeal was taken to the Board of Veterans' Appeals which held a hearing, at which plaintiff and others testified, and then, on October 21, 1953, affirmed the disallowance because "at the time of the veteran's death the claimant is not shown to have been dependent within the meaning of the applicable law and regulations."

Plaintiff received notice of the Board's decision by mail on November 24, 1953, and during the next twenty months carried on an unsuccessful correspondence with the Veterans Administration for "reconsideration", and "re-iteration" or "reopening" of her case, the last letter being a reply from the Veterans Administration dated July 22, 1955.

On July 20, 1959, suit was filed in this court.

It is clear that this suit must be dismissed if it was not "brought within six years after the right accrued for which the claim is made." [2] Since "the right accrued" at the time of the serviceman's death,[3] April 16, 1942, the suit is barred unless the war tolled the statute of limitations: if war tolls the statute of limitations, the suit is not barred since it was brought in July, 1959, which is less than six years after the October, 1953, decision of the Board of Veterans' Appeals;[4] on the other hand, if war does not toll the statute of limitations, then the suit is barred since a total of more than six years elapsed between

(a) April, 1942 (plaintiff's claim accrued) and August, 1945 (plaintiff filed her claim with the V. A.) and

(b) July, 1955 (last communication from the V. A.) and July, 1959 (suit filed).

It can be seen from this formulation that the doctrine of "continuing negotiations", assuming its applicability, *arguendo*, is of no aid to the plaintiff since more than six years elapsed over the two periods in (a) and (b) above and period (b) begins when the assumed "continuing negotiations" ended. It is therefore unnecessary to examine the correspondence between the plaintiff and the Veterans Administration over the twenty-one-month period between October, 1953, and July, 1955, to ascertain whether there actually was "continuing negotiations" and thus a tolling of the statute of limitations during that period.[5]

---

2. 38 U.S.C. § 784(b):

"No suit on * * * National Service Life Insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made. For the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded. The limitation of six years is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim: *Provided,* That in any case in which a claim is timely filed the claimant shall have not less than ninety days from the date of mailing notice of denial within which to file suit * * * Infants, insane persons, or persons under other legal disabilities * * * shall have three years in which to bring suit after removal of their disabilities. * * *"

This latter disability clause is of no aid to the plaintiff, even if the war be said to create a "disability" since suit was brought more than three years after the termination of the war. Soriano v. United States, 1957, 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306.

3. United States v. Towery, 1939, 306 U.S. 324, 331, 59 S.Ct. 522, 83 L.Ed. 678, rehearing denied 1939, 306 U.S. 668, 59 S. Ct. 640, 83 L.Ed. 1063; and see Prado Del Castillo v. United States, 9 Cir., 1959, 272 F.2d 326, 330; Bono v. United States, 2 Cir., 1940, 113 F.2d 724, 725.

4. During the time the claim was pending in the Veterans Administration, the statute was expressly tolled. See note 2, supra.

It the Court need not decide whether the significant date is when the decision is actually made (here October 21, 1953) or when the decision made is communicated to the claimant (here November 24, 1953) since the plaintiff does not "need" this one month to prevail, i. e., if the statute was tolled by the war, plaintiff prevails even if the October 21, 1953, date is taken.

5. Cf. United States v. Bollman, 8 Cir., 1934, 73 F.2d 133, 135; Rosario v.

In its earlier case involving National Service Life Insurance, De Pusana v. United States,[6] this Court was not required to decide whether the war tolled § 784(b), and so did not do so. Now that the question is squarely presented, the Court is of the opinion that Soriano v. United States, 1957, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306, compels the holding that war does not toll the six-year period of limitations in § 784(b).

In Soriano, a resident of the Philippines brought suit in the Court of Claims to recover just compensation for property requisitioned from him by Philippine guerrilla forces during the Japanese occupation of the Philippine Islands. The Court held that the Court of Claims lacked jurisdiction because the claim had not been filed within the six-year period provided by statute.[7] To reach this result, it was necessary for the Court to hold that the war did not toll this limitation period. The Court reasoned from the inclusion of express provision for the tolling by war of the limitations period in other statutes[8] and the failure of Congress to include such a provision in the statute before the Court that Congress intended not to have *that* statute tolled by war. *Inclusio unius est exclusio alterius.* The Court then forcefully stated:

> "And this Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied. [citing United States v. Sherwood, 312 U.S. 584, 590–591 (61 S.

.Ct. 767, 85 L.Ed. 1058) (1941)]." 352 U.S. at page 276, 77 S.Ct. at page 273.

In Prado Del Castillo v. United States, 9 Cir., 1959, 272 F.2d 326, Judge Orr, in an enlightening opinion holding that World War II did not toll § 784(b), pointed out that in 1948, by the Act of March 3, 1948, c. 90, 62 Stat. 59, Congress extended from five to seven years the period for filing claims with the Veterans Administration, yet did not extend the six-year period during which relief could be sought in the courts.

> "The purpose of Congress in extending the time for filing claims was to assist persons in the position of appellant who had been residents of the Philippines during World War II and thus prevented from filing claims for National Service Life Insurance payments because of the Japanese occupation of the islands. See Senate Report No. 902, 1948, U. S. Code Cong. Serv. p. 1121. Their situation was considered by committees of both houses of Congress and the Veterans' Administration and their reports disclose a sympathetic consideration of the plight of such persons. The sole relief recommended, however, was an extension of the time to file claims with the Administration. The time limitation in which to invoke the jurisdiction of the district courts to review denial of claims by the administrative body was not extended." 272 F.2d at page 329.

\* \* \* \* \*

"A petition on the claim of a person under legal disability or beyond the seas at the time the claim accrues may be filed within three years after the disability ceases."

---

United States, 1939, 70 App.D.C. 323, 106 F.2d 844; De Pusana v. United States, D.C.D.C.1958, 164 F.Supp. 672; but see also Dyer v. United States, 1946, 81 U.S.App.D.C. 4, 154 F.2d 14, certiorari denied 1946, 329 U.S. 722, 67 S.Ct. 66, 91 L.Ed. 626.

6. Supra, note 5.

7. 62 Stat. 976, 28 U.S.C. § 2501, which reads, in part:
   "Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition therein is filed \* \* within six years after such claim first accrues.

8. e. g., Soldiers' and Sailors' Civil Relief Act, 54 Stat. 1181, 50 U.S.C.A.Appendix, § 525; § 34 of the Trading With the Enemy Act, 60 Stat. 925–926, 50 U.S.C.A. Appendix § 34(a); Wartime Suspension of Limitations Act, 56 Stat. 747, 62 Stat. 828, 18 U.S.C. § 3287.

And see De Yaranon v. United States, D.C.D.C.1957, 152 F.Supp. 644.

■ Since this suit was brought more than six years from the time the claim accrued, the Court is without jurisdiction. The defendant's motion for summary judgment is granted.