[No. 415-3.    Division Three.    February 2, 1972.]

ODESSA TRADING COMPANY et al., *Respondents,* v. FEDERAL CROP INSURANCE CORPORATION, UNITED STATES DEPARTMENT OF AGRICULTURE, *Appellant.*

*Dean C. Smith, United States Attorney,* and *Carroll D. Gray, Assistant,* for appellant.

*Joseph P. Delay* (of *Delay, Curran & Boling*) and *Laurence Libsak,* for respondents.

EVANS, J.—In 1968 plaintiff Harold Bohnet farmed a plot of land located in Douglas County. He was insured under a policy issued by the defendant Federal Crop Insurance Corporation against crop failures caused by drought and excessive heat. Plaintiff claimed that, due to excessive heat spells in June and July of 1968, he suffered a crop failure. He filed his claim with defendant for the difference between his net wheat yield and the 13.5 bushels per acre for which he was insured under defendant's policy. Defendant's adjuster disallowed a portion of plaintiff's claim upon the basis that the loss was partially occasioned by the plaintiff's failure to follow good farming practices. Plaintiff Bohnet assigned his interest under the policy to the Odessa Trading Company. In August, 1970 plaintiffs Odessa Trading Company and Harold Bohnet commenced this action in Lincoln County, seeking recovery of the difference between the net yield and the insured 13.5 bushels per acre. Following trial to the court, judgment was entered for plaintiffs in the full amount claimed. Defendant appeals.

Defendant makes three basic contentions: (1) the Superior Court for Lincoln County lacked jurisdiction to entertain this action and the judgment entered is void, (2) suit was not brought for more than 20 months and is barred by the 1-year statute of limitations, and (3) the parties agreed that joint payment to plaintiffs would operate as a complete discharge of defendant. Joint payment was made.

We need consider only the claimed lack of jurisdiction of the Superior Court for Lincoln County to entertain this action.

The Federal Crop Insurance Corporation is an "agency" of the United States. 7 U.S.C. § 1503. Congress removed sovereign immunity otherwise protecting the Federal Crop Insurance Corporation by 7 U.S.C. § 1506(d), subject to the provisions of 7 U.S.C. § 1508(c), which reads:

In the event that any claim for indemnity under the provisions of this chapter is denied by the Corporation, an action on such claim may be brought against the Corporation in the United States district court, or in any court of record of the State having general jurisdiction,

sitting in the district or county in which the insured farm is located, . . .

It is plaintiffs' contention, and the trial court held, that section 1508(c) should be interpreted to mean plaintiffs may bring their action in any county located within the Eastern District of Washington. We cannot agree. The above statute does not merely pronounce guidelines touching on venue but "refers to the abstract power of the court to hear and determine the cause." *See State ex rel. LaMon v. Westport,* 73 Wn.2d 255, 438 P.2d 200 (1968).

■   As stated in *United States v. Sherwood,* 312 U.S. 584, 586, 85 L. Ed. 1058, 61 S. Ct. 767 (1940):

> The United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.

Waivers of sovereign immunity from suit are strictly construed. *Prado Del Castillo v. United States,* 272 F.2d 326, 329 (9th Cir. 1959).

■   When statutes are ambiguous they must be interpreted in a reasonable manner and courts should strive to seek out the intent of the legislative body. *See* 2 Sutherland, Statutory Construction §§ 4503, 4508 (3d ed. F. Horack, 1943).

If, as plaintiffs contend, the word "district" as used the second time in the statute, refers to both "state court" and "United States district court", then the words "or county" are mere surplusage and have no meaning. In our view such a construction is unjustified by the language used, invidiously pervades the intent of Congress and thwarts reason. It would permit a claimant to bring suit against the Federal Crop Insurance Corporation in any one of 20 counties located in the Eastern District of Washington. We do not believe Congress intended such a forum-shopping abuse of its waiver of sovereign immunity.

■   As we read section 1508(c), the intent of Congress was to permit an action on plaintiffs' claim to be brought against the Federal Crop Insurance Corporation either in a

state court or federal court. If claimant chooses to bring his action in federal court, that action must be brought in the United States district court in the district in which the insured's farm is located. On the other hand, if claimant chooses to bring his action in state court, he must bring it in a court of record having general jurisdiction, *i.e.*, the superior court in the county in which the farm is located. In the instant case plaintiff Bohnet's farm is located in Douglas County. The action was brought in the Superior Court for Lincoln County. That court did not have jurisdiction to hear the case and the judgment rendered by it is void.

Judgment reversed and case dismissed.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied February 16, 1972.

Review denied by Supreme Court March 21, 1972.