**Charles JOYCE, Plaintiff,**

**v.**

**FEDERAL CROP INSURANCE CORPORATION, a corporation, Defendant.**

**No. S 72 C 4.**

United States District Court,
E. D. Missouri,
Southeastern Division.

March 1, 1973.

Jim S. Green, Hux & Green, Sikeston, Mo., for plaintiff.

Daniel Bartlett, Jr., U. S. Atty., and David W. Harlan, Asst. U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

WANGELIN, District Judge.

This action is before the Court upon the motion of the defendant, Federal Crop Insurance Corporation, for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure.

·This action originally was commenced in the Circuit Court of New Madrid County, Missouri, on December 30, 1971, and was removed to this Court pursuant to 28 U.S.C. § 1441(a). The petition for

removal was filed January 27, 1972; it recites that service of plaintiff's petition was made on defendant on December 30, 1971.

Plaintiff alleges in his petition that he is a resident of New Madrid County, Missouri; that his cause of action arose in New Madrid County; that defendant issued its policy of hail insurance on plaintiff's crops, policy No. 44–103–00366; that all premiums were paid and the policy was in effect on May 27, 1968, when plaintiff sustained hail damages to his cotton crop; that plaintiff has given proper notice to the defendant of said damage and has provided proof of same; that plaintiff requested $5,000.00 due and payable under the policy; that defendant has denied this claim. Plaintiff prays for $5,000.00 actual damages, interest, additional damages of $500.00 for vexatious delay in payment, and attorney's fees.

On March 7, 1972, defendant answered alleging, *inter alia*, (1) that the cause of action did not arise in New Madrid County, (2) that the notice and claim of loss were not properly submitted, (3) that, if the notice and claim of loss were properly submitted, plaintiff would be entitled to $216.09, (4) that this action was not timely filed, and (5) that the Court is without subject matter jurisdiction.

On October 2, 1972, defendant moved for summary judgment and submitted in support of its motion the affidavit of Robert C. Zeller, Director, National Service Office, Federal Crop Insurance Corporation, who states that he keeps and maintains in the regular course of business copies of records, memoranda and correspondence relating to Federal Crop Insurance Contract Number 44–103–366 entered into between defendant and plaintiff. To his affidavit are attached copies of the following documents as exhibits: No. 1, plaintiff's application for the subject insurance; No. 2, the applicable contract provisions; No. 3, the applicable cotton endorsement;

No. 4, plaintiff's acreage report; No. 5, plaintiff's notice of damage or loss dated May 22, 1968; No. 6, the preliminary inspection report dated May 28, 1968; No. 7, a second inspection report also dated May 28, 1968; No. 8, a second notice of damage or loss; No. 9, a claim for indemnity; No. 10, a notice of indemnity mailed to plaintiff; No. 11, a notice of damage or loss dated April 30, 1969; No. 12, a letter dated May 1, 1969, to plaintiff from defendant; and No. 13, a letter dated November 19, 1969, from plaintiff to defendant.

Plaintiff has filed nothing in response to defendant's motion for summary judgment.

By its exemplary brief filed in support of its motion, defendant asserts that (a) plaintiff failed to file a timely notice of loss and a timely claim for indemnity, (b) plaintiff failed to bring suit within the one year statute of limitations, and (c) the Circuit Court of New Madrid County did not have subject matter jurisdiction of the action when originally filed.

The defendant is an agency of and within the Department of Agriculture. 7 U.S.C. § 1503. It has as a purpose the implementation of a sound system of crop insurance. 7 U.S.C. § 1502. It is authorized to adopt rules and regulations for the governance and the conduct of its business. 7 U.S.C. § 1506(e). Contracts of crop insurance result from the acceptance by defendant of a farmer's application for said insurance. 7 CFR § 401.106. The insurance contract includes the terms of the policy found at 7 CFR § 401.111, the endorsements for the crops covered by the contract, the county acturial tables as defined in the policy, and the application. *Ibid.*

Pursuant to paragraph 8(b) of the policy, if a crop loss is to be claimed, notice is required to be given not later than fifteen days after the threshing or harvesting of the insured unit crop or by the end of the insurance period.

Plaintiff's application was for insurance on a cotton crop (Exhibit 1) in 2 units of 22.1 acres and 38.5 acres respectively (Exhibit 4). Under the applicable cotton endorsement the end of the insurance period is December 15. 7 CFR § 401.136(4).

Under paragraph 11(a) of the insurance policy the insured is required to file a claim for an alleged loss not later than 60 days after the time of loss. "Time of loss" is defined by paragraph 10 as "the end of the insurance period unless the entire crop on the insurance unit is destroyed earlier, in which event the loss shall be deemed to have occurred on the date of such destruction as determined by the [defendant]." By his petition plaintiff alleges that he sustained hail damage to his cotton crop on or about May 27, 1968.

On May 22, 1968, plaintiff reported to defendant that he had suffered substantial damage or loss under the subject contract due to excess moisture with respect to insured units 1 and 2. Exhibit 5.

On May 28, 1968, defendant inspected the unit 1 acreage, determined that an insured loss on the unit was probable and released the acreage from cotton for the purpose of planting it in soybeans. Exhibit 6. That same day unit 2 was inspected and 24.6 of the 38.8 acres were released, to be planted in soybeans. The remaining 14.2 acres were not appraised for other use; the condition of these acres was considered to be fair. Exhibit 7. Exhibit 7 also bears the language: "Any further damages or loss must be reported to the county office and any claim for loss must be signed within the time specified in the insurance contract." This statement is followed by the initials "C. J." indicating that plaintiff was aware of this last quoted statement.

On June 18, 1968, plaintiff reported a second loss on unit 1 (Exhibit 8) and on July 6, 1968, he submitted a claim for loss (Exhibit 9). An indemnity in the amount of $222.24 was paid to plaintiff on this unit. Exhibit 10.

On April 30, 1969, plaintiff reported a loss on unit 2. Exhibit 11. This exhibit recites in the Remarks section

Insured reported he had just finished harvesting due to adverse weather conditions and thought this was the time to report when he had finished. He was advised this was a delayed claim and unless the time was extended claim would be rejected, but the notice would be sent to State office for a decision.

By letter dated May 1, 1969, defendant's State Director informed plaintiff that his notice of loss was rejected because it had not been filed within the time specified by the insurance contract provisions, i. e. within 15 days after the time of loss which is the date harvest was completed or by the end of the insurance period on December 15, 1968, whichever is earlier. Exhibit 12.

By letter dated November 19, 1969, plaintiff wrote to defendant expressing his dissatisfaction with defendant's failure to honor his report of crop loss. Exhibit 13.

In the event that any claim for indemnity is denied by defendant, a civil action may be brought within one year after the date when notice of denial of the claim is mailed to and received by the claimant, and such action may be brought against defendant in the United States district court or in any court of record of the State having general jurisdiction, sitting in the district or county in which the insured farm is located, and jurisdiction is conferred upon such district courts to determine such controversies without regard to the amount in controversy. 7 U.S.C. § 1508(c).

■ Plaintiff in his petition alleges that the subject cause of action arose in New Madrid County. However, the subject insurance application recites plaintiff's address as being in Stoddard County. The same application further recites the following legal description as

the "location of farm(s) or headquarters":

See 1 – Twp 24 – R12.

The Court takes judicial notice that Section 1 of Township 24, Range 12 *East*, lies in Stoddard County, Missouri. The Court further takes judicial notice of the fact that this section borders New Madrid County. Furthermore, the address of the defendant's county office is recited on the application as being in New Madrid, Missouri, which is in New Madrid County. This conflict in evidence as to the county in which the subject farm is located is resolved by paragraph 3 of Zeller's affidavit which recites that affiant's "records show that on March 15, 1968, [plaintiff] filed an application for insurance on his share in cotton grown in Stoddard County . . . ." Upon this record the Court finds that the farm which is the subject of plaintiff's insurance policy No. 44–103–00366 lies in Stoddard County, Missouri.

■■ This action was commenced in the Circuit Court of New Madrid County. Concurrent subject matter jurisdiction of this action is granted to the Circuit Court of Stoddard County and to this Court by 7 U.S.C. § 1508(c), by reason of the subject farm's location. The jurisdiction of this removed action is derived from the jurisdiction possessed by the court from which the action was removed. Lambert Run Coal Co. v. Baltimore & Ohio R. R., 258 U.S. 377, 42 S. Ct. 349, 66 L.Ed. 671 (1922). The Circuit Court of New Madrid County did not have subject matter jurisdiction of this action and, in consequence, this Court is without such jurisdiction. *E. g.,* Beckman v. Graves, 360 F.2d 148 (10th Cir. 1966). The action will be dismissed.

The Court finds it unnecessary to treat the other issues raised by the defendant.