Conrad L. McCAIN, d/b/a McCain Farms, Plaintiff,

v.

Henry E. CAHOJ, d/b/a Cahoj Agency; Crop Hail Management; and Mutual Service Casualty Company, Defendants.

Civ. A. No. 92–1245–B.

United States District Court, D. Kansas.

July 6, 1992.

Allen Shelton, Clark, Shelton & Pratt, P.A., Hill City, Kan., for plaintiff.

Daniel C. Walter, Ryan, Walter & McClymont, Chartered, Norton, Kan., for defendants, cross-claimants and cross-defendants.

MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is before the court on the motion of defendant Henry E. Cahoj, d/b/a Cahoj Agency ("Cahoj") to remand to state court. (Doc. 4).

This action was filed on February 3, 1988 in the District Court of Rawlins County, Kansas. Cahoj alleges that defendants Mutual Service Casualty Company ("Mutual") and Crop Hail Management ("CHM") received a copy of the initial pleading on February 5, 1988 and March 11, 1988, respectively. Mutual and CHM do not dispute this assertion.[1] On May 12, 1992, Mutual and CHM filed a notice of removal of the action to this court. Cahoj filed the present motion to remand on June 5, 1992.

Defendant Cahoj argues that the action must be remanded to state court because Mutual and CHM filed their notice of removal more than 30 days after Mutual and CHM received a copy of the pleading. Under 28 U.S.C. § 1446(b),

[t]he notice of removal of a civil action or proceeding *shall* be filed within thirty days after the receipt by the defendant,

---

1. Because the burden of proof is on the person seeking to preserve removal rather than the person seeking to remand, *Ruiz v. Farmers Ins. Co.,* 757 F.Supp. 1196, 1197 (D.Kan.1991); *Kan-* *sas Baptist Convention v. Mesa Operating Ltd. Partnership,* 703 F.Supp. 73, 73 (D.Kan.1989), the court accepts this undisputed allegation as true.

through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.

(emphasis added). The 30–day time limitation of § 1446(b) is mandatory and is strictly construed. *Cohen v. Hoard,* 696 F.Supp. 564, 566 (D.Kan.1988); 14A C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure* § 3732, at 527 (2d ed. 1985). Although the statute provides an exception to this requirement where the basis for federal jurisdiction arises only after the service of the pleading or summons, *see* § 1446(b), Mutual and CHM make no claim to fall under such exception.

Mutual and CHM argue only that federal courts have exclusive jurisdiction over the subject matter of the claims against them, *see* 7 U.S.C. § 1508(f) (Supp. II 1990), and that the state court's want of jurisdiction does not defeat removal to this court. *See* 28 U.S.C. § 1441(e).

Assuming the validity of the argument that federal courts have exclusive jurisdiction over the subject matter of this action,[2] this fact would do nothing to defeat argument raised by Cahoj. Cahoj does not challenge removal on the ground that the state court—and derivatively, this court—has no subject matter jurisdiction over the action. Rather, Cahoj challenges only the compliance with the statutory procedure for removal. Cahoj has objected to this procedural defect in removal within the 30–day time period prescribed by 28 U.S.C. § 1447(c). Thus, because Mutual and CHM failed to file a timely notice of removal, the terms of § 1446(b) require remand of this action to state court.

Accordingly, the court grants defendant Cahoj's motion to remand. (Doc. 4). Pursuant to 28 U.S.C. § 1447(c), this action is hereby remanded to the District Court of Rawlins County, Kansas.

IT IS SO ORDERED.

---

**2.** Previously, the Act granted concurrent jurisdiction to federal courts and state courts sitting in the County where the insured farm was located. *See Odessa Trading Co. v. Federal Crop Ins. Corp.,* 6 Wash.App. 423, 493 P.2d 809 (1972); *Joyce v. Federal Crop Ins. Corp.,* 356 F.Supp. 928, 931 (E.D.Mo.1973). Congress amended former § 1508(c) in 1980, however, to remove any reference to the authority of state courts over actions challenging the Corporation's denial of indemnity. Federal Crop Insurance Act of 1980, Pub.L. 96–365, Title I, § 106(2), 94 Stat. 1312, 1316. Subsection (c) was again amended in 1990, and redesignated as new subsection (f), where it now appears. 7 U.S.C. § 1508(f) (Supp. II 1990). Whether this court would have exclusive jurisdiction over the claims against Mutual and CHM is irrelevant to disposition of the present motion, and for this reason the court declines to address defendants' argument.